UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROXANNE KIMARIE ECKLES,

    Petitioner,

v.                                    Case No. 5:13cv258/RS/CJK

NICOLE ENGLISH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 4). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate currently residing at Federal Correctional Institution Marianna ("FCI Marianna"), is serving a sentence imposed by the United States District Court for the Western District of North Carolina ("Western District") in *United States v. Eckles, et al.*, Case Number 5:05cr09/RLV/DCK. (Western District Case No. 5:05cr09, doc. 764). The government has attached to its response a declaration from Jeff Johnson, a corrections program specialist with the Federal

Bureau of Prisons ("BOP"), in which Johnson outlines the petitioner's relevant incarceration history. (Doc. 10-1). On July 30, 2003, petitioner was sentenced in Iredell (North Carolina) Superior Court to eight years and nine months imprisonment for being a "Habitual Offender." (Doc. 10-1, pp. 1-2). Petitioner's case was "consolidated" to include her sentences for possession of a schedule II controlled substance from three separate cases-case numbers 02054663, 02060924, and 020622945. (Doc. 10, p. 2). On April 15, 2005, petitioner was "temporarily" released into the custody of United States Marshals Service ("USMS") pursuant to a writ *ad prosequendum*. (Doc. 10, p. 2). On February 17, 2006, petitioner pled guilty to one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base. (Western District Case No. 5:05cr09, doc. 448). Over one year later, on April 17, 2007, petitioner was sentenced in the Western District to 240 months imprisonment. (Western District Case No. 5:05cr09, doc. 764). The court recommended that petitioner "be given credit for the period of incarceration on related conduct stated in paragraphs 73 and 74 of the Presentence report." (Western District Case No. 5:05cr09, doc. 764, p. 2). On January 30, 2009, petitioner's sentence was reduced from 240 months to 180 months. (Western District Case No. 5:05cr09, doc. 1125). Later, on April 30, 2010, petitioner's federal sentence was again reduced from 180 to 162 months imprisonment. (Western District Case No. 5:05cr09, doc. 1327). Petitioner was formally released from the custody of the North Carolina Department of Corrections ("DOC") on May 9, 2010, and transferred to the USMS for commencement of her federal sentence.

In this habeas action, petitioner challenges the BOP's refusal to grant her jail credit for time served during her state prison sentence. (Doc. 4, p. 6). Petitioner claims her state sentences in case numbers 01CR555587-88 and 02CR554663 were

"recommended to run concurrent with" her federal offense because the conduct was "considered relevant." (Doc. 4, p. 3). Petitioner attaches her pre-sentence investigation report, which includes the paragraphs referenced in the Western District's judgment. (Doc. 4, p. 8). Petitioner claims she served eighty-six months combined for the two offenses.

## DISCUSSION

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*" *Id.* at § 3585(b) (emphasis added); *see also Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (noting that "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence").

First, as to petitioner's claim that her undischarged state sentence was to run concurrent with her federal sentence, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In petitioner's federal judgment, the court did not explicitly indicate that her federal and state sentences were to run concurrently. (Western District Case No. 5:05cr09, doc. 764). Instead, the court ordered petitioner

imprisoned for a period of 240 months. (Western District Case No. 5:05cr09, doc. 764, p. 2). As a result, under the applicable federal law, petitioner's state and federal sentences were to run consecutively. *See* § 3584(a).

Second, petitioner is not entitled to federal credit for time served for her state offenses–despite the sentencing court's recommendation–because that time was credited towards her state sentences. (Doc. 10-1, p. 2). The Bureau of Prisons' Program Statement 5880.28, <u>Sentence Computation Manual New Law/CCCA</u>, page 1-27, advises the BOP on the proper course of action–"[s]hould the judgment and commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed. No letter need be written to the court that the time was not awarded."[1] (Docs. 10, p. 4; 10-1, p. 3; 10-2, p. 17). While the Western District may have recommended petitioner receive credit towards her federal sentence, "federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served." *Thomas v. Fisher*, 3:07CV317/RV/EMT, 2008 WL 595966 (N.D. Fla. Feb. 28, 2008).

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4), be DISMISSED WITH PREJUDICE.

2. That the Clerk be directed to close the file.

---

[1] The government further notes that petitioner is not entitled to time spent in custody under a writ of habeas corpus. (Doc. 10, p. 4).

At Pensacola, Florida, this 9th day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).